1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

MICHAEL EVITT,

                Plaintiff,

    v.

EXPERIAN INFORMATION
SOLUTIONS INC. et al.,

                Defendants.

CASE NO. 3:23-cv-05294-LK

ORDER DENYING MOTION TO
ISSUE SUBPOENA

11
12
13
14
15
16

      This matter comes before the Court on Plaintiff Michael Evitt's Motion to Issue Subpoenas,

seeking four Clerk-issued subpoenas for Bank of America, CenturyLink Communications, LLC,

Sudden Link Communications, and Wells Fargo. Dkt. No. 20 at 3. For the reasons stated below,

the Court denies Evitt's motion without prejudice.

## I.   BACKGROUND

      Evitt filed this action against three credit reporting agencies pursuant to the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.*, based on their alleged misconduct in response to an

underlying incident of fraud directed at Evitt. *See* Dkt. No. 1-2 (complaint). As relevant here, Evitt

contends that an unknown individual and nonparty accessed his Wells Fargo account without authorization and facilitated 18 fraudulent transfers to Bank of America from varying IP addresses. Dkt. No. 20 at 2; *see* Dkt. No. 1-2 at 7–8. Evitt seeks to subpoena "records related to the alleged fraud," which are held by the four nonparties mentioned above. Dkt. No. 20 at 3. And "because the subpoenas seek protected information and may be subject to privacy protections," Evitt contends that "it is more appropriate for the Clerk to issue the subpoenas." *Id.* Counsel for Evitt further represents that he has conferred with Defendants' counsel and that the parties agree that the requested third-party subpoenas "are necessary to advance this litigation." *Id.* at 1; *see* Dkt. No. 20-1 at 2.

## II.   DISCUSSION

### A.   Legal Standard

The scope of discovery, including third-party subpoenas, is subject to the relevance and proportionality requirements of Federal Rule of Civil Procedure 26(b). *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i), (iii) (authorizing courts to "limit the frequency or extent of discovery otherwise allowed" if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."). Likewise, though Rule 45(a)(1) permits parties to subpoena designated documents or electronically stored information, Rule 45(d)(1) tasks the Court with enforcing the requesting party's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *see, e.g.*, *Baker v. Hopkins*, No. 2:21-CV-00361-MJP-JRC, 2022 WL 305395, at *2 (W.D. Wash. Feb. 2, 2022). Indeed, "[w]hile discovery is a valuable right and should not be unnecessarily restricted, the necessary restriction may be broader when a nonparty is the target of discovery" in order to "protect third parties from harassment, inconvenience, or disclosure of

confidential documents." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (cleaned up).

In addition, parties are generally not allowed to seek any discovery before they have conferred as required under Rule 26(f). Fed. R. Civ. P. 26(d)(1). The Court may order otherwise "for the parties' and witnesses' convenience and in the interests of justice[.]" Fed. R. Civ. P. 26(d)(3). District courts within the Ninth Circuit permit such discovery prior to the Rule 26(f) conference upon a showing of "good cause." *Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 302 (E.D. Cal. 2016). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

**B.    The Court Denies Evitt's Motion Without Prejudice**

The Court finds that based on the present record, Evitt has failed to satisfy the "good cause" standard for expedited discovery.

Evitt's proposed subpoenas seek: (1) "All account statements, account applications, payment history and accounting servicing notes" for two Bank of America credit cards, Dkt. No. 20-2 at 2; (2) "All information and identification related to the following IP Addresses: (97.113.133.18) (97.126.16.164)" from CenturyLink, *id.* at 5; (3) "All information and identification related to the following IP Address: (74.196.234.126)" from Sudden Link, *id.* at 8; and (4) "All information related to electronic transactions and account servicing notes, between March 1, 2023 and May 30, 2023," for Evitt's Wells Fargo bank account, *id.* at 11. With respect to the first three requests, the Court is troubled by Evitt's failure to cabin the scope of these requests to the relevant time periods reflected in his complaint, and finds such broadly framed subpoenas to likely be unnecessarily burdensome on Bank of America, CenturyLink, and Sudden Link. *See, e.g.*, *Dominguez v. Corp. of Gonzaga Univ. (Gonzaga Univ.)*, No. 2:17-CV-00286-SAB, 2018 WL

3338181, at *2 (E.D. Wash. Apr. 19, 2018) ("[I]n determining whether a subpoena subjects a person to an undue burden, the Court considers whether the discovery is requested from a named party or a non-party, and gives special consideration to protecting non-parties from questionable/borderline discovery requests."); *Baker*, 2022 WL 305395, at *2 (denying overly broad proposed subpoenas because they "would impose [a]n undue burden on the non-parties to which plaintiff direct[ed] these proposed subpoenas."); *cf. Chevron Corp. v. Donziger*, No. 12-MC-80237-CRB-(NC), 2013 WL 4536808, at *17–18 (N.D. Cal. Aug. 22, 2013) (narrowing the timeframe of subpoenas to relevant time periods).

In any event, the parties' agreement "that these subpoenas are necessary to advance this litigation," Dkt. No. 20 at 1, without more, does not demonstrate a need to expedite discovery in this case.

Accordingly, the Court denies Plaintiff's motion without prejudice. Dkt. No. 20.

Dated this 19th day of May, 2023.

Lauren King
United States District Judge

ORDER DENYING MOTION TO ISSUE SUBPOENA - 4