UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL EVITT,<br><br>               Plaintiff,<br>   v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS INC. et al.,<br><br>               Defendants. | CASE NO. 3:23-cv-05294-LK<br><br>ORDER DENYING AMENDED<br>MOTION TO ISSUE SUBPOENA |

This matter comes before the Court on Plaintiff Michael Evitt's Amended Motion to Issue Subpoena. Dkt. No. 22. The motion is again denied.

I.       BACKGROUND

Although the Court set forth most of the relevant facts in its previous order, it recounts some of them here for ease of reference. Dkt. No. 21 at 1–2. Evitt is suing three credit reporting agencies under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, for alleged misconduct in response to fraudulent transfers from his Wells Fargo account. *See generally* Dkt. No. 1-2 (complaint). Evitt specifically contends that, between April 28, 2022 and May 3, 2022, an

unknown "fraudster" gained unauthorized accessed to his Wells Fargo account from various IP addresses and facilitated 18 fraudulent transfers (totaling $18,000) to Bank of America. Dkt. No. 1-2 at 7–8. These transfers were apparently made to pay off two Bank of America credit cards, neither of which belong to Evitt. *Id.* at 8 ("Wells Fargo transferred nearly $18,000.00 from Plaintiff's Wells Fargo account to 2 separate Bank of America credit cards, in 18 increments of $999.99.").

Evitt moved the Court to issue third-party subpoenas to Bank of America, CenturyLink Communications, LLC, Sudden Link Communications, and Wells Fargo. Dkt. No. 21 at 1. Those subpoenas sought the following information: (1) "[a]ll account statements, account applications, payment history and accounting service notes" for Bank of America credit cards ending in 9403 and 3651 (subpoena directed to Bank of America), Dkt. No. 20-2 at 2; (2) "[a]ll information and identification related to the following IP Addresses: (97.113.133.18) (97.126.16.164)" (subpoena directed to CenturyLink), *id.* at 5; (3) "[a]ll information and identification related to the following IP Address: (74.196.234.126)" (subpoena directed to Sudden Link), *id.* at 8; and (4) "[a]ll information related to electronic transactions and account servicing notes, between March 1, 2023 and May 30, 2023," for Evitt's Wells Fargo account (subpoena directed to Wells Fargo), *id.* at 11.

The Court denied the motion without prejudice because Evitt "fail[ed] to cabin the scope of [his] requests to the relevant time periods reflected in his complaint," and the "broadly framed" subpoenas would have likely been "unnecessarily burdensome" to their third-party recipients. Dkt. No. 21 at 3–4. The Court further observed that Evitt failed to make the "good cause" showing necessary to justify pre-conferral discovery. *Id.* at 4; *see* Fed. R. Civ. P. 26(d). Evitt now renews his motion. Dkt. No. 22.

## II.     DISCUSSION

The scope of third-party subpoenas is subject to the relevance and proportionality requirements of Rule 26(b). *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006). Thus, while Rule 45(a)(1) permits parties to subpoena designated documents or electronically stored information from third parties, a district court must enforce the subpoenaing party's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *see also Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (discovery may be restricted to protect a nonparty from harassment, inconvenience, or disclosure of confidential documents).

Evitt argues that he has cured the above defects "by initiating the Joint Status Report, eliminating two of the requested subpoenas, and narrowing the scope of the two remaining subpoenas." Dkt. No. 22 at 2. However, counsel's "initiating" of the Joint Status Report does not satisfy Rule 26(f)'s conference requirement. And the draft joint status report appended to Evitt's motion confirms that the parties have not yet conducted a Rule 26(f) conference. *See* Dkt. No. 22-1 at 1 (referring to Exhibit B as a "Draft Joint Status Report"); Dkt. No. 22-3 at 2 ("The parties held their FRCP 26(f) conference on ????????????????" (highlight and question marks original)). By extension, then, Evitt must still demonstrate "good cause" to justify early discovery—something he has not done. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 302 (E.D. Cal. 2016). He again relies on the fact that all parties have "agreed that these subpoenas are necessary to advance this litigation." Dkt. No. 22 at 4. As the Court previously explained, however, this unadorned assertion does not supply good cause to permit early discovery. Dkt. No. 21 at 4; *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

### III. CONCLUSION

The Court DENIES Evitt's Amended Motion to Issue Subpoena without prejudice. Dkt. No. 22.

Dated this 14th day of June, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING AMENDED MOTION TO ISSUE SUBPOENA - 4