1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

| | |
|---|---|
| MICHAEL EVITT, | CASE NO. 3:23-cv-05294-LK |
| Plaintiff, | ORDER DENYING UNOPPOSED |
| v. | MOTION TO ISSUE SUBPOENA |
| EXPERIAN INFORMATION SOLUTIONS INC. et al., | |
| Defendant. | |

17

18

19

20

21

22

23

24

        This matter comes before the Court on Plaintiff Michael Evitt's Motion to Issue Subpoena.

Dkt. No. 27. Defendants do not oppose the motion. *Id.* at 5. For the reasons discussed below,

however, the Court again denies Evitt's motion without prejudice.

## I.    BACKGROUND

        Evitt is suing three credit reporting agencies under the Fair Credit Reporting Act, 15 U.S.C.

§ 1681, *et seq.*, for alleged misconduct in response to fraudulent transfers from his Wells Fargo

account. *See generally* Dkt. No. 1-2 (complaint). Evitt specifically contends that, between April

28, 2022 and May 3, 2022, an unknown "fraudster" gained unauthorized accessed to his Wells

1    Fargo account from various IP addresses and facilitated 18 fraudulent transfers (totaling $18,000)

2    to two Bank of America credit card accounts. *Id.* at 7–8 ("Wells Fargo transferred nearly

3    $18,000.00 from Plaintiff's Wells Fargo account to 2 separate Bank of America credit cards, in 18

4    increments of $999.99."). Neither account belongs to Evitt. *Id.* at 8.

5        This is not Evitt's first attempt to obtain records through a third-party subpoena. In May

6    2023, he moved the Court to issue subpoenas to Bank of America, CenturyLink Communications,

7    LLC, Sudden Link Communications, and Wells Fargo. Dkt. No. 20; *see* Dkt. No. 20-2

8    (subpoenas). The Court denied the motion without prejudice because Evitt "fail[ed] to cabin the

9    scope of [his] requests to the relevant time periods reflected in his complaint," and the "broadly

10   framed" subpoenas would have likely been "unnecessarily burdensome" to their third-party

11   recipients. Dkt. No. 21 at 3–4. Moreover, Evitt failed to make the "good cause" showing necessary

12   to justify discovery prior to Rule 26(f) conferral. *Id.* at 4; *see* Fed. R. Civ. P. 26(d). Evitt

13   subsequently renewed his motion. Dkt. No. 22; *see* Dkt. No. 22-2 (amended subpoenas). And the

14   Court again denied it without prejudice for failure to establish good cause. Dkt. No. 23 at 3.

15       The parties have since held their Rule 26(f) conference. Dkt. No. 25 at 1. Evitt now moves

16   a third time for the issuance of his proposed third-party subpoena.

## II.    DISCUSSION

18       Evitt seeks to subpoena "[a]ll account statements, payment history, and account servicing

19   notes, from March 1, 2022 through January 1, 2023," for Bank of America credit card numbers

20   ending in 9403 and 3651. Dkt. No. 27-2 at 2. He argues that this information is "crucial" to proving

21   "the key elements of the governing statute," i.e., "that Defendants failed to conduct a reasonable

22   reinvestigation in response to [Evitt]'s dispute[] that he does not owe the Wells Fargo credit card

23   balance because he was the victim of fraud[.]" Dkt. No. 27 at 2; *see* 15 U.S.C. § 1681i(a)(1)(A)

24   (when a consumer disputes the accuracy of "any item of information contained in a consumer's

file at a consumer reporting agency," the agency "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate"); Dkt. No. 1-2 at 14 (alleging that Defendants violated Section 1681i by, among other omissions, failing to conduct reasonable reinvestigations into the disputed information). Evitt specifically contends that "the parties must identify the owner of the Bank of America accounts that received the fraudulently transferred funds" to determine whether defendants conducted reasonable reinvestigations, and Bank of America possesses "the records related to the alleged fraud." Dkt. No. 27 at 4.

However, the proposed subpoena fails to provide a reasonable time for compliance. It instructs Bank of America to provide Evitt's attorney with the requested records no later than September 1, 2023, but Evitt filed this motion on September 6th. Dkt. No. 27-2 at 2; *see, e.g.*, *Anstead v. Va. Mason Med. Ctr.*, No. 2:21-CV-00447-JCC-JRC, 2023 WL 34505, at *2 (W.D. Wash. Jan. 4, 2023) ("Courts have consistently held that a period of ten days or less is an unreasonable amount of time to comply with a document subpoena."); *MAP Co. v. Lebanese Arak Corp.*, No. CV-16-05039-AB (RAOx), 2017 WL 10434017, at *4 (C.D. Cal. Oct. 26, 2017) (same).

### III.  CONCLUSION

Evitt's Motion to Issue Subpoena is therefore DENIED without prejudice. Dkt. No. 27.[1]

Dated this 7th day of September, 2023.

Lauren King
United States District Judge

---

[1] Should Evitt renew his motion, he must provide justification for the full range of time for which he seeks records. *See Simplex Mfg. Co. v. Chien*, No. C12-835-RAJ, 2012 WL 3779629, at *1 (W.D. Wash. Aug. 31, 2012) ("The apparent relevance of the information a subpoena seeks informs the extent to which its burden is undue, and the court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target.").