UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL EVITT,<br><br>                Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS INC. et al.,<br><br>                Defendants. | CASE NO. 3:23-cv-05294-LK<br><br>ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY DEADLINES |

This matter comes before the Court on Defendants Equifax Information Services LLC and Trans Union LLC's motion to extend the case deadlines and trial dates by 90 days. Dkt. No. 54. For the following reasons, the Court denies the motion.

**I.  BACKGROUND**

**A.  The Alleged Fraud**

Plaintiff Michael Evitt is a long-time customer of Wells Fargo. Dkt. No. 1-2 at 6. In April 2022, an unknown nonparty individual accessed his Wells Fargo online bank account without authorization and transferred nearly $18,000 to cover balances on two separate Bank of America

credit cards, neither of which belonged to Evitt. *Id.* at 7–8. After investigating the transfers, Wells Fargo "determined [that] the transactions were authorized" and "refused to reverse the [allegedly] fraudulent transfers[.]" *Id.* at 10–11. This spurred a rash of litigation.

### B. Evitt's Arbitration Against Wells Fargo

On October 26, 2022, Evitt sued Wells Fargo in Kitsap County Superior Court for violations of the Washington Consumer Protection Act. *See Evitt v. Wells Fargo Bank NA*, No. 22-2-01795-18 (Wash. Super. Ct. Oct. 26, 2022). In January 2023, the state court granted Wells Fargo's motion to compel arbitration, and in September 2023, it stayed the proceedings pending arbitration. *See id.*, Jan. 20, 2023 Mot. Hr'g; Sept. 15, 2023 Order Granting Mot. Pet.

### C. Evitt's Lawsuit Against the Credit Reporting Agencies

On March 15, 2023, Evitt filed a lawsuit in Kitsap County Superior Court under the Fair Credit Reporting Act ("FCRA") against Defendants Experian Information Solutions Inc., Equifax, and Trans Union. Dkt. No. 1-2. Defendants are consumer credit reporting agencies ("CRAs") that provide consumer reports as defined by 15 U.S.C. § 1681a(d) and (f). *Id.* at 4–5; Dkt. No. 13 at 4; Dkt. No. 24 at 2. Evitt alleges in his complaint that, despite his fraud disputes and supporting documentation, Defendants failed to (1) "delete inaccurate information in [his] credit files," (2) conduct lawful reinvestigations, (3) mark his account as disputed, (4) maintain reasonable procedures to "filter and verify disputed information in [his] credit files," and (5) "establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of" defendants' credit reports, thereby violating 15 U.S.C. §§ 1681i and 1681e(b). *Id.* at 12–15.

On April 6, 2023, Trans Union removed Evitt's action to this Court with the consent of Experian and Equifax. Dkt. Nos. 1, 1-4. Settlement discussions and other early dealings among the parties resulted in extension of Equifax's deadline to answer until at least July 11, 2023, and a concomitant extension of the deadlines for the Rule 26 conference, initial disclosures, and joint

status report. *See* Dkt. Nos. 9, 18, 24; 5/12/2023 docket entry. On August 5, 2023, the parties submitted a Joint Status Report, Dkt. No. 25, and the Court issued a scheduling order setting trial for September 9, 2024, with discovery motions due on March 13, 2024, and discovery to be completed by April 12, 2024, Dkt. No. 26 at 1–2.

In the meantime, Evitt filed a series of motions for the Clerk to issue subpoenas to various third parties pursuant to Federal Rule of Civil Procedure 45. On May 11, 2023, he filed a stipulated motion to issue subpoenas to four third-party entities—Bank of America, Wells Fargo, and two internet service providers—to obtain "records related to the alleged fraud." Dkt. No. 20 at 2–3. On May 19, 2023, the Court denied Evitt's motion without prejudice because, among other things, Evitt "fail[ed] to cabin the scope of [his] requests to the relevant time periods reflected in his complaint[.]" Dkt. No. 21 at 3.

On June 12, 2023, Evitt filed another stipulated motion to issue subpoenas, this time only to Wells Fargo and Bank of America. Dkt. No. 22 at 3. The Court again denied the motion without prejudice because Evitt had not shown "good cause" to permit discovery prior to a Rule 26(f) conference, which the parties had not yet had. Dkt. No. 23 at 3.

On September 6, 2023, Evitt filed an unopposed motion to issue a subpoena, this time only to Bank of America. Dkt. No. 27 at 4; Dkt. No. 27-2 at 2. After Evitt amended his motion twice to provide justification for the full range of time for which he sought records, Dkt. Nos. 31, 33, the Court ordered the Clerk to issue the subpoena to Bank of America, Dkt. No. 34 at 2. The Clerk issued the subpoena on the same day. Dkt. No. 35.

It appears that Evitt served Wells Fargo with a subpoena for a deposition in connection with this action on December 12, 2023. *See* Dkt. No. 58 at 4; Dkt. No. 48-15 at 3–5. Shortly before

that, on November 17, 2023, his arbitration against Wells Fargo ended with a $10,500 award in his favor. Dkt. No. 58-2 at 6.[1] Evitt then took his dispute with Wells Fargo to federal court.

**D.     Evitt's Federal Lawsuit Against Wells Fargo**

Evitt sued Wells Fargo in this District on December 8, 2023, alleging that Wells Fargo violated FCRA "by failing to fully and properly investigate [his] disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRA; by failing to correctly report results of an accurate investigation to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false representations to the CRAs, among other unlawful conduct." *See Evitt v. Wells Fargo Bank, N.A.*, 3:23-cv-06121-BHS, Dkt. No. 1 at 12–14 (W.D. Wash. Dec. 8, 2023). This action is in its early stages. On January 8, 2024, the court issued an initial scheduling order requiring the parties to file a joint status report by April 8, 2024. *Id.*, Dkt. No. 7. And on March 7, 2024, Wells Fargo filed a motion for judgment on the pleadings. *Id.*, Dkt. No. 10.

## II.   DISCUSSION

Equifax and Trans Union seek a 90-day extension of the discovery deadlines and the other remaining deadlines in this case, including the trial date, to allow the parties to obtain outstanding third-party discovery from Wells Fargo. Dkt. No. 54 at 1, 4–5. They also contend that they need resolution of Experian's motion to compel arbitration (filed on March 1, 2024, Dkt. No. 42) prior to beginning trial preparation because Experian's "requested stay and possible exit from the case . . . . implicates both Defendants' likely strategies for defense and settlement (e.g. in the possibility of contribution or setoff from a third defendant, or discovery regarding possible shared culpability for possible award of attorney's fees)[.]" Dkt. No. 54 at 5. In response, Evitt argues that the Court

---

[1] The state court confirmed the award on March 22, 2024. *Evitt*, No. 22-2-01795-18 (Wash. Super. Ct. Mar. 22, 2024).

ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY DEADLINES - 4

should deny the motion because Defendants filed it at the "13th hour," do not demonstrate good cause, and already have the information they seek. Dkt. No. 58 at 2, 5–10. Evitt also suggests that further efforts to obtain discovery from Wells Fargo would be futile. *Id.* at 6–7. Equifax and Trans Union did not file a reply.

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b) "primarily considers the diligence of the party seeking the [extension]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under this standard, a schedule modification is permissible if the current deadline cannot be met despite the diligence of the moving party. *See id.* The Court's inquiry thus focuses on the moving party's reasons for seeking a modification and, "[i]f that party was not diligent, the inquiry should end." *Id.* Along the same vein, the provisions of Local Civil Rule 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court[.]" LCR 16(m)(1). Carelessness is incompatible with a finding of diligence, *Johnson*, 975 F.2d at 609, as is "[m]ere failure to complete discovery within the time allowed," which "does not constitute good cause for an extension or continuance," LCR 16(b)(6).

As the moving parties, Equifax and Trans Union have the burden of demonstrating good cause. *See White v. Ethicon, Inc.*, No. C20-952-BHS, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022). They assert that following Evitt's issuance of a subpoena to depose Wells Fargo, "all parties believed that [he] was in the process of obtaining said deposition[.]" Dkt. No. 54 at 4. They emphasize that "[t]he discovery and testimony from Wells Fargo, as the furnisher upon which [they] relied in reporting, is central to the defense of the case." *Id.* at 5. Furthermore, "there likely exists testimony and other evidence regarding this matter that [they] can obtain from other forums, specifically in regards to the facts of the case as learned from Wells Fargo." *Id.*

    This does not constitute good cause. First, neither Equifax nor Trans Union have demonstrated the diligence necessary for this Court to grant their motion. *See Johnson*, 975 F.2d at 609; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). If discovery and testimony from Wells Fargo was indeed "central to the defense of the case," as they contend, it is inexcusable that neither Defendant sought such information from Wells Fargo and instead elected to rely on Evitt to conduct discovery on their behalf. Furthermore, Equifax did not issue discovery requests to Evitt until February 28, 2023—two weeks before the discovery motions deadline and only six weeks before the close of discovery. Dkt. No. 48-17 at 33. And while Trans Union issued discovery requests to Evitt in October 2023, Dkt. No. 48-13 at 35, there is no indication that it followed up—with Evitt or anyone else—with respect to any information it needed relative to Wells Fargo after receiving Evitt's responses on November 15, 2023, Dkt. No. 48 at 4. Equifax's and Trans Union's lack of diligence alone is fatal to their motion. *See Zivkovic*, 302 F.3d at 1087.

    Second, even if they had demonstrated diligence, Equifax and Trans Union fail to articulate how the specific information they expect to receive from Evitt's deposition of Wells Fargo or from Evitt's actions in other forums is relevant to their defense. *See generally* Dkt. No. 54; *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (discussing standards for reasonable reinvestigation).[2] The Court "cannot manufacture arguments for a [litigant]," nor will it. *Ramsey v. Muna*, 819 F. App'x 505, 507 (9th Cir. 2020) (cleaned up). Furthermore, Evitt has already provided Equifax and Trans Union with 1,311 documents, including the "Wells Fargo fraud affidavit," "Wells Fargo fraud investigation findings," "Wells Fargo monthly statement illustrating fraud and monthly payments on fraudulent balance," "Wells Fargo fraud communications," and "Wells Fargo fraud communications/investigation results." Dkt. No. 58 at

---

[2] Evitt's state court litigation against Wells Fargo has ended with a confirmed arbitration award, and therefore will not result in any more discovery. Dkt. No. 58-2 at 6; *Evitt*, No. 22-2-01795-18 (Wash. Super. Ct. Mar. 22, 2024).

ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY DEADLINES - 6

8; *see also* Dkt. No. 48-18 at 10–16. Evitt has also already provided Equifax and Trans Union with documents supporting his disputes and request for reinvestigation. *See generally* Dkt. No. 58-3. Equifax and Trans Union elected not to file a reply explaining why these are not sufficient for their defense in this case.

Finally, Equifax and Trans Union have had ample time to get what they needed relative to Experian. Experian filed its motion to compel arbitration on March 1, 2024, more than a month before the close of discovery. Equifax and Trans Union then chose to file their motion for extension on the latest day possible, *see* Dkt. No. 26, and while that motion was pending, they were not permitted to sit on their hands and "assume that [it] w[ould] be granted," LCR 7(j). Instead, they were obligated to comply with the existing discovery deadlines, including by seeking discovery relating to Experian (or its potential absence from the case), unless and until the Court ordered otherwise. *Id.*

Equifax and Trans Union have therefore failed to demonstrate good cause for a 90-day extension of the deadlines in this case.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Equifax and Trans Union's motion. Dkt. No. 54.

Dated this 8th day of April, 2024.

Lauren King
United States District Judge