1

HONORABLE LAUREN KING

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8

**AT TACOMA**

9
MICHAEL EVITT,

10
                    Plaintiff,

Case No.:   3:23-cv-05294-LK

11
      v.

**EXPERIAN'S STATUS REPORT**
**REGARDING ARBITRATION**
**PROCEEDING**

12
EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

13

14
                    Defendants.

15      Defendant Experian Information Solutions, Inc. (Experian), pursuant to the Court's Order

16 of April 8, 2024 (ECF Doc. 64), submits this Status Report regarding the arbitration proceeding

17 between Plaintiff and Experian.

18      After full briefing on the issue, this Court determined that Plaintiff is contractually

19 obligated to arbitrate his claims against Experian and granted Experian's Motion to Compel

20 Arbitration. ECF Doc. 64.  This Court also ordered the Parties to "file a joint Notice setting forth

21 the status of the arbitration proceedings on or before May 8, 2024, and every 30 days thereafter

22 until the conclusion of the arbitration." *Id.* at 15.  After Experian did not receive a draft status

23 report from Plaintiff, Experian drafted and sent a joint status report to Plaintiff for his consideration

24 that simply stated that Plaintiff had not yet filed a demand in arbitration.  Plaintiff did not even

25 consider filing a joint report, but instead stated that he would file his own report and did so minutes

26 later.

EXPERIAN'S STATUS REPORT - 1
(3:23-cv-05294)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

123262776.1 0030176-00384

1    Plaintiff's filing (ECF Doc. 66), styled as "Plaintiff's Status Report and Motion to

2  Withdraw Case from Arbitration," does not comply with the Court's Order (ECF Doc. 64) or the

3  Civil Rules.  Instead, Plaintiff disingenuously attempts to relitigate the merits of Experian's Motion

4  to Compel Arbitration, which this Court has already decided.  Plaintiff's argument that Experian

5  has waived its right to arbitrate because Experian has not filed a demand in arbitration is

6  nonsensical.  It is axiomatic that Experian would not initiate arbitration against itself.

7    Pursuant to the Court's April 8 Order, Experian will plan to work with Plaintiff to file a

8  joint Notice regarding the status of the arbitration in thirty (30) days.

9  DATED: May 8, 2024.

STOEL RIVES LLP

10

11

*s/Rachel D. Groshong*_____
12  Rachel D. Groshong, WSBA No. 47021
Rachel.groshong @stoel.com
13  STOEL RIVES LLP
600 University Street, Suite 3600
14  Seattle, WA  98101
Telephone:  206.624.0900
15  Facsimile:  206.386.7500

16  *Attorney for Defendant Experian Information
Solutions, Inc.*

17

18

19

20

21

22

23

24

25

26

EXPERIAN'S STATUS REPORT - 2
(3:23-cv-05294)

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

123262776.1 0030176-00384