1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL EVITT,

                Plaintiff,

    v.

EXPERIAN INFORMATION
SOLUTIONS INC. et al.,

                Defendants.

CASE NO. 3:23-cv-05294-LK

ORDER GRANTING IN PART
AND DENYING IN PART TRANS
UNION'S UNOPPOSED MOTION
FOR ADDITIONAL REDACTIONS
TO SUMMARY JUDGMENT
EXHIBITS

       This matter comes before the Court on Defendant Trans Union, LLC's Unopposed Motion for Additional Redactions to Summary Judgment Exhibits. Dkt. No. 77.

       On May 13, 2024, Trans Union filed its motion for summary judgment, which was supported by two declarations and eight exhibits. Dkt. No. 69. Pursuant to Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2, Trans Union redacted the supporting exhibits to remove Plaintiff Michael Evitt's social security number, financial account numbers, date of birth, file identification number, and driver's license number. Dkt. No. 77 at 2; *see also* Dkt. Nos. 69-3–69-

6, 69-8–69-10.[1] Following Trans Union's filing of its motion, Evitt's counsel contacted Trans Union and requested that Trans Union redact additional information from the exhibits to protect Evitt's privacy and to prevent possible identity theft. Dkt. No. 77 at 2. Trans Union then filed the instant motion, as well as proposed replacement exhibits that contain redactions of Evitt's personal addresses, phone numbers, email addresses, and certain medical information, as well as two additional references to Evitt's date of birth. *Id.*; *see also* Dkt. No. 77-1 at 4–5, 46; Dkt. No. 77-2 at 20–21; Dkt. No. 77-3 at 2, 4–5, 7–11, 13–14, 16–17, 19–20, 22–24, 26–27, 29–30, 32–33, 35–36, 38–39, 41–42, 44–45, 47–48, 50; Dkt. No. 77-5 at 3–10, 14–16, 18–20, 23, 25, 28–29; Dkt. No. 77-6 at 2, 4–9; Dkt. No. 77-7 at 2; Dkt. No. 77-8 at 2–8. Trans Union requests to seal the original exhibits filed with its motion for summary judgment, and to substitute those exhibits with the replacement exhibits filed with the instant motion. Dkt. No. 77 at 2.

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (cleaned up). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The standard for determining whether to seal a record depends on the filing with which the sealed record is associated and whether such filing is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016).

---

[1] One of the exhibits (Exhibit D to the Declaration of Mason A. Moody) did not include any redactions. *See* Dkt. No. 69-11.

If the filing at issue is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the filing is only tangentially related to the merits, the party seeking to seal the records need only show "good cause." *See id.*

The Court finds that both standards are met here. Almost all the exhibits that Trans Union seeks to seal contain Evitt's personal, financial, and medical information. *See* Dkt. Nos. 69-3–69-6, 69-8–69-10. The Court finds that protecting Evitt's personal privacy serves as a compelling interest that would be harmed by public disclosure, and there are no less restrictive means of protecting Evitt's privacy.[2] However, one of the proposed replacement exhibits (Exhibit D to the Declaration of Mason A. Moody) contains no additional redactions, *see* Dkt. No. 77-4; therefore, the Court finds no compelling reason or good cause why the original exhibit that was filed, Dkt. No. 69-11, should be sealed.

The Court therefore GRANTS IN PART and DENIES IN PART Trans Union's unopposed motion. Dkt. No. 77. The following docket entries may remain under seal: Dkt. Nos. 69-3, 69-4, 69-5, 69-6, 69-8, 69-9, and 69-10. The Clerk of the Court is directed to unseal Dkt. No. 69-11.

Dated this 20th day of May, 2024.

Lauren King
United States District Judge

---

[2] In this District, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). The Court notes that Trans Union's unopposed motion did not comply with these procedures. *See generally* Dkt. No. 77. While the Court will allow the proposed redactions here given the sensitivity of the redacted information at issue, the Court cautions Trans Union that any future motions to seal that do not comply with applicable rules may be denied.