UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL EVITT,<br><br>              Plaintiff,<br>   v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS INC. et al.,<br><br>              Defendants. | CASE NO. 3:23-cv-05294-LK<br><br>ORDER DENYING MOTION FOR RELIEF FROM ORDER COMPELLING ARBITRATION |

This matter comes before the Court on Plaintiff Michael Evitt's motion for relief from the Court's April 8, 2024 Order Granting Motion to Compel Arbitration. Dkt. No. 76; *see* Dkt. No. 64. For the reasons set forth below, the Court denies Evitt's motion.

### I.  BACKGROUND

The facts of this case are set forth in the Court's April 8, 2024 Order. Dkt. No. 64 at 1–5. The Court declines to recount them here except as relevant to Evitt's motion.

On April 8, 2024, the Court granted Experian's motion to compel arbitration, and directed Evitt and Experian to file a joint notice on or before May 8, 2024 "setting forth the status of the

ORDER DENYING MOTION FOR RELIEF FROM ORDER COMPELLING ARBITRATION - 1

arbitration proceedings[.]" *Id.* at 14–15. On May 8, 2024, Evitt filed his own status report asserting that "Experian never filed for arbitration, nor paid arbitration fees" and requesting that this matter be withdrawn from arbitration. Dkt. No. 66 at 2–3. Experian filed a separate status report on the same day, indicating that it had "drafted and sent a joint status report to [Evitt] for his consideration that simply stated that [Evitt] had not yet filed a demand in arbitration," but Evitt elected to file his own report instead. Dkt. No. 67 at 1. Experian also opposed Evitt's request that the matter be withdrawn from arbitration, contending that "[i]t is axiomatic that Experian would not initiate arbitration against itself." *Id.* at 2.

The Court issued a minute order stating that it would not consider Evitt's request because it was not filed as a properly noted motion. Dkt. No. 68 (citing Fed. R. Civ. P. 7(b)(1); LCR 7(b)(1), 16(a)). On May 15, 2024, Evitt filed the instant motion. Dkt. No. 76. Experian filed its response in opposition on May 30, 2024. Dkt. No. 79.

## II. DISCUSSION

Evitt seeks relief from the Court's April 8, 2024 Order pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for . . . any . . . reason that justifies relief." *See* Dkt. No. 76 at 2. Evitt specifically contends that Experian is intentionally delaying arbitration because it "has not filed for arbitration, nor paid arbitration fees." *Id.* at 3. Evitt equates this delay to waiver, and contends that Experian's "inaction" justifies his request for relief from this Court's April 8, 2024 Order. *Id.* at 2–3.

The Ninth Circuit has cautioned that Rule 60(b)(6) "should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Afoa v. China Airlines, Ltd.*, 817 F. App'x 369, 370 (9th Cir. 2020) (quotation marks

ORDER DENYING MOTION FOR RELIEF FROM ORDER COMPELLING ARBITRATION - 2

and citations omitted); *see also Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443–44 (9th Cir. 2019). "Judgments are not often set aside under Rule 60(b)(6)," and a party moving for relief under this rule "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (cleaned up).

Evitt has not demonstrated any grounds for relief here. He contends that, because he "never sought arbitration" and instead "vigorously opposed" it, it is Experian's responsibility to initiate arbitration. Dkt. No. 82 at 3; *see* Dkt. No. 43-2 at 10 (2022 Terms of Use Agreement); Dkt. No. 43-3 at 9 (2023 Terms of Use Agreement). In other words, Evitt reasons that because Experian moved to compel arbitration over Evitt's opposition, Experian is the party that is "seeking arbitration" and therefore must initiate arbitration proceedings.

Evitt is wrong. Under the Federal Arbitration Act ("FAA"), a motion to compel arbitration is a mechanism to correct the non-movant's "failure . . . to arbitrate under a written agreement for arbitration[.]" 9 U.S.C. § 4. Thus, the Court's order compelling arbitration course-corrects *Evitt's* failure to pursue his dispute in the right forum. That Experian filed the motion does not make it the "party who intends to seek arbitration"; again, under the FAA, the point of Experian's motion was to compel Evitt's compliance with the parties' written agreement. Thus, if Evitt wants relief against Experian, he must abide by the Terms of Use by arbitrating his dispute rather than seeking relief in federal court. And although the Terms permit either Evitt or Experian to commence arbitration, Dkt. No. 43-3 at 9, it would be nonsensical to require Experian to do so. The Court rejects Evitt's theory to the contrary, which is a classic "heads I win, tails you lose" trap. Evitt may not seek to benefit by filing his dispute in the wrong forum—thereby breaching the Terms—and then forcing Experian to either remedy his breach or else risk waiver.

For these reasons, it remains true that Evitt has not "establish[ed] that Experian intentionally acted inconsistently with its right to compel arbitration." Dkt. No. 64 at 14. Nor has he demonstrated extraordinary circumstances entitling him to Rule 60(b)(6) relief. As for Evitt's other grievances, the Court reiterates that the parties delegated the issue of contract-based waiver to an arbitrator.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Evitt's motion for relief from the Court's April 8, 2024 order granting Experian's motion to compel arbitration. Dkt. No. 76.

Dated this 28th day of June, 2024.

Lauren King
United States District Judge